IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

14-60094-CR-BLOOM/VALLE

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

NATALIE JEWELRY,
d/b/a GOLDEN OPPORTUNITIES;
NATALIE LADIN; and JED LADIN,

    *Defendants.*

_____/

### NON-PARTIES TOM CASH'S AND REPUBLIC METALS CORPORATION'S MOTION TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Parties Tom Cash ("Cash") and Republic Metals Corporation ("RMC") hereby file their Motion to Quash Subpoenas and for Protective Order, directed to subpoenas to testify and document requests issued by Claimant Omar Foglia ("Foglia"), and as grounds therefor state as follows:

### I.    PRELIMINARY STATEMENT

The subpoenas that Foglia has purported to issue on RMC and Cash, non-parties in this criminal forfeiture action, are nothing more than an attempt to conduct a fishing expedition and get free discovery from Cash and his employer, RMC, prior to Foglia actually filing a civil suit against RMC. Cash and RMC are not claimants to any property under the forfeiture order in this case, have no interest in any property subject to the forfeiture order, and do not possess any property subject to the forfeiture order. Yet Foglia seeks to compel Cash's and RMC's testimony and production of documents regarding property which have nothing to do with this criminal forfeiture case. This is an abuse of the criminal forfeiture procedure.

The Court should not permit this procedural abuse because: (1) this deposition is not within the scope of discovery allowed by the governing statute (2) the Court does not have jurisdiction over the property about which Foglia seeks testimony because it is not part of this ancillary proceeding; (3) the testimony sought is not relevant to any claim or defense in this proceeding; and (4) it imposes an undue burden on Cash and RMC.

## II. BACKGROUND PROCEDURE AND FACTS

1. This dispute arises out of the criminal conviction of Defendants, and the subsequent forfeiture proceedings. Defendants pled guilty to various money laundering-related offenses on July 10, 2014. (D.E. 93, 95, 97, 99, 101, 104).

2. Pursuant to their plea agreements, Defendants agreed to forfeiture of various properties, which is listed in the Court's Amended Order and Judgment of Forfeiture, entered on August 15, 2014 (D.E. 110). RMC and Cash do not, and did not at the time of the forfeiture order, possess or have any interest in any of the property described therein. RMC and Cash have not appeared in this forfeiture proceeding as a claimant or in any other capacity.

3. Cash is an employee of RMC, one of the largest full-service precious metals refineries in the world. RMC receives precious metals from various suppliers, refines it, and processes it for resale so that it can be re-used. When metals come in from a supplier, RMC is not generally made aware of, and does not track, the sources from which the supplier received the metal. In some instances, an "aggregator supplier" may send a shipment to RMC—aggregated from multiple sources. Defendants were an Aggregator Supplier to RMC and periodically shipped metals to RMC.

4. Following the entry of the Court's forfeiture order, Foglia appeared and entered a claim. (D.E. 125). It appears that Foglia delivered gold to Defendants for sale and did not get

paid for the gold because the bank accounts from which Defendants would otherwise pay Foglia were frozen in the government raid on or about January 31, 2014. Foglia later came to learn that his gold delivery to Defendants was not on Defendants' premises and, therefore, not part of the seized property when the government raided Defendants business.

5. RMC received a shipment of aggregated gold from Defendants on January 31, 2014, but RMC has no way of knowing what gold was included in the gold scrap metal delivery. RMC was not privy to Defendant's dealings with Foglia, and is completely unaware of what gold Foglia may have delivered to Defendants. Therefore, RMC cannot possibly establish whether any gold delivered to its business previously belonged to Foglia before it was delivered to Defendants.

6. RMC and Cash were unaware of the raid on Defendants' property and Defendants' arrest. Whatever the composition of the shipment of gold Defendants sent to RMC, RMC received it in good faith and proceeded to process it. RMC was not aware of, and had no way to segregate the gold in Defendants' shipment on January 31, 2014.

7. More than a year after RMC received the gold from Defendants, Foglia contacted RMC and insisted on the return of "his" gold. Foglia's counsel claimed he had learned from the government that the gold was never in their possession and the government's documents allegedly indicate that the gold he had delivered to Defendants for sale was not part of the government's inventory of seized property. Counsel for Foglia has recently indicated that he learned from "Hannah Ladin" that she had made a gold delivery to RMC on January 31, 2014.

8. On April 17, 2015, Foglia served RMC employee, Tom Cash, and RMC, through Tom Cash (an RMC employee, but not an authorized agent for RMC), with subpoenas seeking

their depositions and production of certain documents, for May 4, 2015. (Ex. A). After communication between counsel, the date was reset to May 11.

### III.   ARGUMENT

**A.   The Criminal Forfeiture Procedure Does Not Permit the Discovery Foglia Seeks.**

Discovery in a criminal forfeiture proceeding is limited, and the depositions that Foglia seek here are not authorized. The relevant provision of the governing statute provides that "the court may, *upon application of the United States*, order that the testimony of *any witness relating to the property forfeited* be taken by deposition . . . ." 21 U.S.C. § 853(m). These depositions are not sought upon application of the United States. Nor do they relate to the property forfeited. Nothing in §853, nor in Federal Rule of Criminal Procedure 32.2, which governs the procedural aspects of these ancillary proceedings, allows a claimant to conduct a fishing expedition seeking discovery from non-parties regarding property that was not seized nor subject to forfeiture.

Even to the extent that §853 and Federal Rule of Criminal Procedure 32.2 permit discovery from non-parties, discovery under the forfeiture statute is inappropriate, where a party is not involved in the crime and cannot be required to forfeit property—for example, where the party has shown it is an innocent, bona fide purchaser for value of otherwise forfeitable property. *See In re Moffitt, Zwerling & Kemler, P.C.*, 875 F.Supp. 1152, 1162 (E.D. Va. 1995) (denying discovery of law firm partner unaware that proceeds were result of criminal activity). Here, RMC and Cash are even one step removed beyond that category—they hold no forfeited property at all because the property in question was not seized by the government. Foglia's attempt to use the criminal forfeiture statute to depose a non-party regarding property that is not even subject to forfeiture is an abuse of discovery procedure under the statutes. The Court should not allow such blatant abuse of the ancillary forfeiture procedure.

**B.     The Court Does Not Have Jurisdiction over the Property about Which Foglia Seeks Discovery.**

Because the property about which Foglia seeks discovery is unrelated to this criminal proceeding or to the government's request for forfeiture, the Court has no jurisdiction over the property or RMC or Cash or the disputes between Foglia and RMC. RMC had no obligation to hold any delivery from Defendants "in trust" for the benefit of Foglia – indeed RMC had no knowledge of Foglia and any connection Foglia had to the Defendants, nor does it have any knowledge of Foglia's transactions with the Defendants. By their terms, the criminal forfeiture provisions of 18 U.S.C §982(a)(1) and 21 U.S.C. §853 give a court jurisdiction *only* over the forfeiture of any property involved in the underlying offenses referenced in those statutes, or any property traceable to that property. But where the property is not part of an ongoing criminal proceeding, a court does not have jurisdiction over that property, or the non-party who owns it. *See U.S. v. Kirschenbaum*, 156 F.3d 784, 794 (7th Cir. 1998) (holding, in context of § 853, "[a] district court may not enjoin non-parties who are neither acting in concert with the enjoined party nor are in the capacity of agents, employees, officers, etc. of the enjoined party"); *U.S. v. Price*, 914 F.2d 1507, 1508 (D.C. Cir. 1990) (holding no jurisdiction over defendant's request for return of property where it was subject to civil forfeiture proceeding); *U.S. v. Young*, No. 2:12–cr–00502–TC–DB; 2013 WL 1341396, at *3 (D. Utah, April 3, 2013) (agreeing court did not have criminal jurisdiction over property absent triggering of §853's forfeiture provisions).

The property about which Foglia seeks discovery is not part of this—or any—criminal proceeding. Therefore, the Court simply does not have jurisdiction over that property alleged to have been received by RMC, or Cash, for purposes of this proceeding, and discovery regarding that property is outside the scope of the Court's jurisdiction and authority. Foglia is improperly using this discovery procedure to conduct discovery for a civil lawsuit.

### C. The Subpoenas Place an Undue Burden on RMC and Cash, and Seek Irrelevant Discovery.

Federal Rule of Criminal Procedure 32.2, governing criminal forfeiture proceedings, provides that, if the court grants discovery, it proceeds in accordance with the Federal Rules of Civil Procedure. Therefore, the civil procedure rules pertaining to depositions apply in this case. On a timely motion, the court must quash or modify a subpoena that fails to allow a reasonable time to comply; requires the disclosure of privileged or other protected matter; or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i),(iii)&(iv).

In addition, "[a]lthough Rule 45 does not identify irrelevance or overbreadth as grounds for quashing a subpoena, courts treat the scope of discovery under a subpoena the same as the scope of discovery under Rule 26." *Exist, Inc. v. E.S.Y., Inc.*, 2015 WL 926003, at *1 (S.D. Fla. Mar. 4, 2015) (citing *Am. Fed'n of State, Cnty. & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 476 (S.D. Fla. 2011)). Federal Rule of Civil Procedure 26(b) authorizes a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense". Fed. R. Civ. P. 26(b)(1). "Relevant matter is broadly defined as information that 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *Exist, Inc.*, 2015 WL 926003, at *1 (quoting Fed. R. Civ. P. 26(b)(1)).

For the same reasons discussed above, the discovery sought here is not remotely relevant to any claim or defense of Foglia in this ancillary proceeding. The government has informed him that it does not have the property over which he seeks discovery. Foglia is a third-party claimant in a criminal forfeiture proceeding. Neither Cash nor RMC are parties, claimants, nor otherwise related to the proceeding. Foglia's attempt to elicit testimony regarding property not connected to this forfeiture proceeding cannot possibly be "reasonably calculated to lead to the discovery of admissible evidence."

Foglia already has the information he is entitled to in this proceeding – he has learned that his property was not seized. As such, discovery to unrelated third parties is unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2)(C) (limiting discovery if it can be obtained by another source). Foglia already has the information he is looking for. The government has informed him that it does not have the gold he seeks among the forfeiture property. There is no reason for Foglia to take RMC's deposition other than as a means of harassment and to obtain free discovery in the event of a potential civil case against RMC.

**D.    Tom Cash is Not an Authorized Agent of RMC for Accepting Subpoenas.**

Attached hereto is a copy of the most recent documents from the Florida Secretary of State showing that Tom Cash is not an authorized agent for the acceptant of the subpoena on behalf of RMC. (Ex. B). He is not an officer, director or otherwise authorized agent. For this additional reason, the subpoena as to RMC should be quashed.

### III.    CONCLUSION

Foglia's subpoena to RMC has nothing to do with the criminal forfeiture proceedings pursuant to which he purports to issue the subpoena. The property about which he seeks discovery is outside the Court's jurisdiction, his discovery is outside the scope of the criminal forfeiture law, and it is wholly irrelevant to anything having to do with the criminal forfeiture proceeding. The Court should therefore quash the subpoena and enter a protective order.

WHEREFORE, Non-Parties RMC and Cash respectfully request the Court enter an Order quashing the subpoenas issued to RMC and Cash, issue a protective order preventing Foglia from deposing or seeking documents from RMC and Cash pursuant to the subpoenas, and preventing Foglia from issuing any other subpoena in connection with this matter to RMC or

Cash without an order from this Court, and grant such further and additional relief as the Court deems necessary and proper.

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that prior to filing this motion, Jacqueline Arango, counsel for Cash and RMC, in compliance with L.R. 7.1(a)(3), made reasonable efforts to confer with Foglia's counsel regarding the relief sought in this Motion, and was informed that Foglia objects to the relief requested in this Motion.

        Respectfully submitted,
        Akerman, LLP
        Attorneys for Cash and RMC
        One S.E. Third Avenue, Suite 2500
        Miami, Florida 33131
        305-374-5600
        305-374-5095 fax
        jacqueline.arango@akerman.com

        By: /S/ Jacqueline Arango
        Jacqueline Arango
        Florida Bar No. 664162

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May __, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served via email this day on Rey Dorta, Esq., attorney for Foglia, at RDorta@dortaandortega.com.

By: /S/ Jacqueline Arango
Jacqueline Arango

{30931629;1}                                    9